# EXHIBIT A



Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500  Main
+1 212 698 3599  Fax
www.dechert.com

**DAVID HERMAN**

David.Herman@dechert.com
+1 212 649 8728  Direct
+1 212 698 3599  Fax

February 7, 2024

Office of the General Counsel
Attn: Johnathan Meyer
U.S. Department of Homeland Security
245 Murray Lane, SW
Mail Stop 0485
Washington, DC 20528-0485

Re:   *Touhy* Request Relating to *Vithanalage v. Al Hunaity, et al.* – Civil No. 22-6248 (RBK/SAK)

Dear Mr. Meyer:

We represent Plaintiff Sakunthala Thalahitiya Vithanalage in the above-referenced civil action seeking money damages from Imad Qatarneh and Alia Al Hunaity. This letter constitutes Ms. Vithanalage's request pursuant to *United States ex rel. Touhy v. Ragen,* 340 U.S. 462 (1951), to the United States Department of Homeland Security ("DHS") seeking certain documents, communications, and other materials regarding the investigation and prosecution of Alia Al Hunaity ("Defendant Al Hunaity"), as well as testimony from DHS Special Agents Bradly Benwell and Ronal Conyers in connection with the same.

Government agencies respond to third-party requests for documents and testimony pursuant to the guiding principles set forth in *Touhy*. Title 6 of the Code of Federal Regulations sets forth DHS's *Touhy* regulations. *See* C.F.R. § 5.41–5.49. According to § 5.45(a), a party seeking the release of official information must "set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought." Those seeking the release of documents "must describe the records sought in sufficient detail to enable DHS personnel to locate them with a reasonable amount of effort." *Id.* § 5.45, 5.3(b).

Ms. Vithanalage sets forth the basis for her *Touhy* request as follows:

### I.   Summary of the Litigation and Status of the Case

In 2009, Defendants Al Hunaity and Qatarneh lured Ms. Vithanalage to the United States with the promise of paying her to work as a caretaker for their children and enabling her to attend school. Instead, for nearly a decade, Defendants enslaved Ms. Vithanalage, forcing her to work for no pay



February 7, 2024
Page 2

and subjecting her to threats and other forms of abuse. On May 9, 2019, Defendant Al Hunaity was convicted after a jury trial for her crimes, sentenced to a lengthy term of incarceration, and ordered to pay more than $1.2 million in restitution. To date, Al Hunaity has not paid any meaningful restitution. *United States v. Al Hunaity*, No. 1:18-CR-00723-RBK-1 (D.N.J.). Defendant Qatarneh has yet to be held accountable for his wrongful conduct.

In connection with Defendant Al Hunaity's arrest and criminal prosecution, Ms. Vithanalage provided her full assistance to the Government, including by providing information, testifying at trial, and later appearing in Court through counsel to support the Government's applications concerning Defendant Al Hunaity's incarceration. We appreciate our productive working relationship with the Government and the Government's efforts to seek justice for our client.

Ms. Vithanalage now seeks redress in the above-referenced civil action, including redress awarded to her as restitution in Defendant Al Hunaity's criminal prosecution, which has not yet been paid. To that end, she now seeks documents, communications and testimony concerning Al Hunaity's and Qatarneh's conduct that are critical to her litigation and are otherwise unavailable.

## II.     The Testimony Requested

DHS Special Agents Benwell and Conyers possess unique, highly relevant information directly related to Ms. Vithanalage's claims of forced labor and employment law violations against Defendants, including the labor Ms. Vithanalage performed at Defendants' direction and the abusive means by which Defendants ensured her years of servitude. Given their extensive knowledge, Special Agents Benwell and Conyers provided key trial testimony in connection with the criminal prosecution of Defendant Al Hunaity.

Ms. Vithanalage now requests that Special Agents Benwell's and Conyers' provide deposition and trial testimony regarding:

- Defendant Al Hunaity's arrest;

- Defendant Al Hunaity's dwelling;

- Ms. Vithanalage's living conditions from approximately 2009 to 2018;

- Ms. Vithanalage's possessions in Defendant Al Hunaity's home;

- The labor Ms. Vithanalage performed at Defendant Al Hunaity's or Defendant Qatarneh's direction and in Defendant Al Hunaity's or Defendant Qatarneh's dwellings;



February 7, 2024
Page 3

- Defendant Al Hunaity's communications with, and concerning, Ms. Vithanalage;
- Defendant Qatarneh's communications with, and concerning, Ms. Vithanalage;
- The Special Agents' observations regarding, and interactions with, Ms. Vithanalage; and
- Ms. Vithanalage's immigration status.

### III. The Documents Requested

We believe DHS possesses highly relevant documents, communications, and other materials acquired in connection with the arrest and criminal prosecution of Defendant Al Hunaity. These documents, communications, and other materials go to the core of Ms. Vithanalage's allegations of forced labor against Defendant Qatarneh, whose conduct and efforts to enslave Ms. Vithanalage were intimately intertwined with those of Defendant Al Hunaity. We understand that these documents and communications will likely not be available from either Defendant Al Hunaity or Defendant Qatarneh, and so Ms. Vithanalage has no other recourse to access these documents, communications, and other materials beyond this *Touhy* request.

Accordingly, Ms. Vithanalage requests all documents, communications, and other materials collected from Defendants Al Hunaity and Qatarneh in the course of the Government's investigation.

Ms. Vithanalage also requests all documents, communications, and other materials concerning:

- Al Hunaity, including documents and communications concerning any interactions, observations, conversations, interviews, searches, or impressions of Al Hunaity;
- Qatarneh, including documents and communications concerning any interactions, observations, conversations, interviews, searches, or impressions of Qatarneh; and
- Ms. Vithanalage, including documents and communications concerning any interactions, observations, conversations, interviews, searches, or impressions of Ms. Vithanalage.
- Copies of any documents seized from Al Hunaity, Qatarneh, Ms. Vithanalage, or any other party in connection with this matter and/or used at Ms. Vithanalage's criminal trial.

\*\*\*

Should you have any questions or require additional information about this *Touhy* request, please do not hesitate to contact us. Thank you for your assistance.



February 7, 2024
Page 4

Sincerely,

*/s/ David A. Herman*
David A. Kotler
David A. Herman
DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
Phone:        (212) 698-3500
Facsimile:    (212) 698-3599
Email:        david.kotler@dechert.com
              david.herman@dechert.com

*Counsel to Plaintiff*