# EXHIBIT B

*Office of the Principal Legal Advisor*

**U.S. Department of Homeland Security**
970 Broad Street, Room 1300
Newark, NJ 07102



March 4, 2024

Via E-mail

David A. Herman, Esq.
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036
David.Herman@dechert.com

Re: **Subpoena and *Touhy* request letter for Trial Testimony, Deposition, and Documentation for *Vithanalage v. Al Hunaity*, et al. Civil No. 22-6248 (RBK/SAK)**

Dear Mr. Herman:

    The U.S. Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE) is in receipt of a subpoena and *Touhy* request letter in the above captioned matter, issued to DHS special agent Bradley Benwell, DHS special agent Ronald Conyers, and DHS General Counsel Jonathan E. Meyer. Your subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure and accompanying *Touhy* letter request testimony and the production of documents for use in the above-captioned proceeding to which ICE is not a party.

    The *Touhy* request letter, date February 7, 2024, seeks trial testimony and deposition from DHS special agents Bradley Benwell and Ronald Conyers as well as all documents, communications, and other materials collected from the Government's criminal investigation and prosecution in *United States v. Al Hunaity*, No. 1:18-CR-00723-RBK-1. On behalf of ICE, for the reasons that follow, your request for testimony and the production of documents is denied pursuant to the DHS *Touhy* regulations. *See* 6 C.F.R. §§ 5.41-5.49; *see also generally United States ex. Rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

### Touhy

    Federal regulations govern the response of the United States Government to subpoenas and third-party discovery demands. *See* 5 U.S.C.A. § 301; *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). These "*Touhy* regulations" specify the procedure for obtaining testimony of a government employee or records for the purpose of litigation in which the United States is not a party. DHS, of which ICE is a component, has its own *Touhy* regulations which set forth the procedure to be followed in response to demands for production or disclosure of information from DHS/ICE and its employees in federal or state proceedings. *See* 6 C.F.R. §§ 5.41-5.49; *United States v. Soriano-Jarquin*, 492 F.3d 495, 499 (4th Cir. 2007); *Ho v. United States*, 374 F.Supp.2d 82, 83

(D.D.C. 2005). DHS has broad discretion to determine whether it will provide information in cases, such as this one, in which DHS is not a party to the litigation. *See* 6 C.F.R. § 5.41, *et seq.; Touhy*, 340 U.S. 462; *Boron Oil Col. V. Downie*, 873 F.2d 67, 70 (4th Cir. 1989).

Section 5.43 of the DHS's *Touhy* regulations, requires that service of subpoenas, court orders, and other demands or requests for official information be served on the DHS Office of the General Counsel (OGC). DHS OGC has delegated this responsibility to its components. In the event that the request for ICE information is delivered directly to an employee, the employee is to immediately forward a copy of that document to the DHS OGC or its designee, ICE Office of the Principal Legal Advisor (OPLA). In this instance, OPLA's Government Information Law Division (GILD) received a copy of your subpoena and accompanying letter addressed to Jonathan Meyer, Office of the General Counsel for DHS marked "Via EMAIL/FEDEX." We agree to accept service in this manner on behalf of ICE.

DHS regulations bar all current and former DHS employees from making disclosures in litigation unless authorized to do so by the DHS Office of General Counsel or its designees. Such prohibit disclosures include, *inter alia*, providing responses to questions by attorneys in situations involving litigation regarding any material in DHS's possession; any information relating to material contained in DHS's files; or any information acquired while the subject of the request for information is or was employed by DHS. *See* 6 C.F.R. § 5.44. Section 5.45 of DHS's *Touhy* regulations requires that the party seeking information must "set forth in writing, and with *as much specificity as possible*, the nature and relevance of the official information sought." (emphasis added).

Upon receipt of a sufficiently detailed request, DHS or ICE will consider the following factors: (1) whether compliance would be unduly burdensome or otherwise inappropriate; (2) whether compliance is appropriate under the relevant substantive law concerning privilege or disclosure of information; (3) the public interest; (4) the need to conserve the time of DHS employees for the conduct of official business; (5) the need to avoid spending the time and money of the United States for private purposes; (6) the need to maintain impartiality between private litigants in cases where a substantial government interest is not implicated; (7) whether compliance would have an adverse effect on performance by the DHS of its mission and duties; and (8) the need to avoid involving the DHS in controversial issues not related to its mission. *See* 6 C.F.R. § 5.48(a).

In addition, ICE will not comply with a request when such compliance would violate a statute, regulation, Executive Order, or agency policy. Likewise, ICE will not comply with a request when such compliance would reveal agency deliberations, or potentially impede or prejudice an on-going law enforcement investigation. *See* 6 C.F.R. § 5.48(b).

ICE has reviewed the subpoena and *Touhy* request letter and has determined it does not satisfy the requirements of 6 C.F.R. §§ 5.43-5.48. DHS is not a party to the litigation, and the reasons provided for the trial testimony, deposition, and documentation are overly broad, unduly burdensome, or not relevant to the present civil matter, in addition to some of your request describing records that likely would be obtainable from or already in the possession of the parties to this case. In the event compliance to the subpoena and *Touhy* request letter would violate a statute, regulation, Executive Order, or agency policy, ICE would not comply with demand for such information as well. In addition, the information sought in the subpoena and *Touhy* request letter may be law enforcement sensitive, and/or protected by the deliberative process, attorney-client,

attorney work product and/or executive privileges. The information you seek may also fall within the purview of another agency. For the foregoing reasons, ICE objects to the subpoena and *Touhy* request letter and declines to produce DHS special agent Bradley Benwell and DHS special agent Ronald Conyers for trial testimony and deposition. ICE also declines to provide documentation as requested in the subpoena and *Touhy* request letter.

### Rule 45

#### *Subpoena for Documents Production and Deposition Testimony*

This letter also serves as notice pursuant to Federal Rules of Civil Procedure, Rule 45(d)(2)(B) that ICE is objecting to the requirements of the subpoena for testimony document production. As stated above, your requests do not meet the requirements of 6 C.F.R. § 5.48. Again, to the extent that your requests call for legal conclusions and/or expert or opinion testimony, this type of testimony is generally prohibited under 6 C.F.R. § 5.49. In addition, ICE asserts the following objections.[1]

   a. *Relevance*

With regard to some topics outlined in your requests, as noted in specific examples above, you have not satisfied your burden of establishing that the requested information is relevant to your client's case. *See* Fed. R. Civ. P. 26(b)(1), 6 C.F.R. § 5.45(a) (request must set forth, "with as much specificity as possible, the nature and relevance of the official information sought").[2]

   b. *Requests are overly broad, unduly burdensome, and/or vague*

As noted above, the subpoena, as currently written, contains requests that are overly broad and unduly burdensome in violation of Rules 26 and 45 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(c), 45(d)(1), (d)(3). Your requests are also unduly burdensome under the applicable agency *Touhy* regulations. *See* 6 C.F.R. § 5.48(a)(1). Additionally, your requests seek an "overly broad" range of documents and information for a civil dispute in which DHS is not a party. *See Cheney v. U.S. Dist. Court for Dist. Of Columbia*, 542 U.S. 367, 386 (2004). As the Supreme Court has noted, "special considerations control" when discovery such as that involved in your subpoena is sought from the Executive. *Id.* at 385. The "paramount necessity of protecting the Executive Branch from vexatious litigation that might distract from the energetic performance of its constitutional duties," as well as the unique privileges that may be implicated in this context, require a subpoenaing party, at the very least, to meet "exacting standards" of relevancy, admissibility, and specificity." *Id.* At 382, 386-87.

   c. *Information likely in the possession of a party or provided in discovery between the parties*

As noted above, some of your requests seek information that one would reasonably expect to be exchanged during the discovery process between the parties such that demanding that ICE gather

---

[1] Due to the fact that the subpoena requests are not sufficiently detailed, ICE reserves the right to assert additional objections or modify existing objections in the event that a sufficiently detailed *Touhy* request is received.
[2] Receiving a detailed description of the information sought in a *Touhy* request and a specific explanation as to its relevance, as required by the regulations, enables an agency, among other things, to determine whether providing the requested information would violate any statutes, regulations, or privileges.

3 of 5

and process those records for release would not be warranted. Given that the information sought in your document requests should be exchanged in discovery in the subject litigation or are already in possession of a party to the lawsuit, this is another aspect in which your subpoena in this matter is also unduly burdensome. *See* Fed. R. Civ. P. 26(b)(2)(C).

d. *Attorney-Client Privilege and/or Deliberative Process Privilege*[3]

Some of your requests seek information that may be covered by the attorney-client privilege and/or the deliberative process privilege, and thus not subject to disclosure. The attorney-client privilege protects from disclosure client communications with a lawyer regarding legal advice. For example, the request for the DHS special agents' observations and interactions with the plaintiff and the request for "all documents, communications, and other materials" including "any interactions, observations, interviews, searches or impressions" of the plaintiff and defendants. The deliberative-process privilege protects from disclosure those documents and information that contain recommendations, opinion, and conclusions of agency employees. The attorney-client privilege also protects communications between ICE and DOJ.

e. *Additional objections and privileges*

The foregoing objections are not exclusive, and ICE reserves the right to assert further objections in response to the subpoena as appropriate. Additionally, ICE reserves any and all privileges and other grounds for non-disclosure that may apply to the information requested. The breadth and nature of your subpoena raises the likelihood that any responsive information, to the extent that responsive information exists, would include privileged or otherwise protected information, including, but not limited to, information protected by the law enforcement privilege.

Additionally, assuming that your requests to which we objected were modified to appropriately narrow and identify the information sought, the breadth and nature of the requests raise a potential that they seek information, the disclosure of which would violate the Privacy Act of 1974, 5. U.S.C. § 552a, or otherwise cause an unwarranted invasion of personal privacy.

Thank you for your patience and consideration in this matter. If you have any questions or concerns, please feel free to contact me via e-mail at Yoonji.Kim@ice.dhs.gov.

Sincerely,

Yoonji Kim
Digitally signed by YOONJI KIM
Date: 2024.03.04 09:04:29 -05'00'

Yoonji Kim
Assistant Chief Counsel
Office of the Principal Legal Advisor, Newark
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

---

[3] Please note that due to the lack of specificity in the requests, ICE is asserting the subject privileges based on the potential conflicts that may exist, after a consideration of the types of information that are being requested. To the extent that any of the documents or communications that are the subject of this request contain information prepared by ICE attorney's pursuant to this litigation or any companion litigations, those documents would be protected by the work product privilege.

cc: DHS special agent Bradley Benwell
cc: DHS special agent Ronald Conyers
cc: DHS HQ Office of the General Counsel