**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SAKUNTHALA THALAHITIYA VITHANALANGE, | HONORABLE KAREN M. WILLIAMS |
| Plaintiff, | Civil Action No. 22-6248 (KMW-SAK) |
| v. | |
| ALIA AL HUNAITY, *et al.*, | **OPINION** |
| Defendants. | |

APPEARANCES:

DAVID A. KOTLER, ESQ.
DECHERT, LLP
THREE BRYANT PARK
AVENUE OF THE AMERICAS
NEW YORK, NY 10036

    *Counsel for Plaintiff Sakunthala Thalahitiya Vithanalange*

ALIA AL HUNAITY
522 TEAL PLAZA
SECAUCUS, NJ 07094

    *Pro Se Defendant*

PETER WILLIAM TILL, ESQ.
LAW OFFICES OF PETER W. TILL NEW JERSEY
105 MORRIS AVENUE, SUITE 201
SPRINGFIELD, NJ 07081

    *Counsel for Defendant Imad Qatarneh*

**WILLIAMS, District Judge:**

I.     **INTRODUCTION**

Plaintiff Sakunthala Thalahitiya Vithalange, ("Plaintiff"), brings this action against Alia Al Hunaity, ("Defendant Hunaity"), and Imad Qatarneh, (collectively "Defendants"), alleging that Defendants "lured" Plaintiff to the United States with promises of paid work and to pay for Plaintiff to attend school in the United States, but in reality Plaintiff was held against her will without pay for a decade working for Defendants as a housekeeper and providing childcare, violating the Trafficking Victims Protection Reauthorization Act, ("TVPRA"), 18 U.S.C. §§ 1589, 1590, 1592, 1595; as well as violating New Jersey State Wage and Hour Law, ("NJ WHL"), N.J.S.A. § 34:11-56a, *et seq.*; the New Jersey Uniform Fraudulent Transfer Act, ("NJ UFTA"), N.J.S.A. § 25:2-25(a); committing fraudulent misrepresentation; conversion; breach of oral contract; unjust enrichment; and seeking quantum meruit.

On October 24, 2022, Plaintiff filed her original Complaint in this Court against both Defendants, and when Defendant Hunaity failed to answer or defend, the Clerk of Court entered a Clerk's Entry of Default on November 30, 2022. On February 28, 2024, Plaintiff filed an Amended Complaint, (ECF No. 65). Then in July of 2024, Defendant Hunaity sought to vacate the Clerk's Entry of Default against her. *See* ECF Nos. 90, 92, 95, 99. The Clerk's Entry of Default was vacated, and Defendant Hunaity filed an answer to Plaintiff's Amended Complaint on September 9, 2024. *See* ECF No. 103, 117. On October 24, 2024, Defendant Hunaity filed the instant Motion to Dismiss, (ECF No. 122), Plaintiff opposed the motion, (ECF No. 133), and Defendant Hunaity replied, (ECF No. 134). For the reasons that follow, Defendant's Motion is **DENIED**.[1]

---

[1] Pursuant to Local Civil Rule 78.1(b), this motion will be decided on the papers without oral argument.

## II. BACKGROUND[2]

In 2018, Plaintiff contends that Defendant Hunaity forced her into marriage as part of Defendant Hunaity's scheme to keep Plaintiff in the country. *See* Amend. Compl. ¶ 27. Plaintiff originally came to the United States in 2009, under the pretense that she would be paid to work for Defendants as a caretaker for their children, but ultimately was trafficked for her labor and was mostly kept in Defendant Hunaity's home. *Id.* ¶¶ 13-16, 17, 23-25. Plaintiff asserts that Defendant Hunaity married her in order to obtain a "green card" for Plaintiff. *Id.* ¶ 27. Shortly after Plaintiff and Defendant Hunaity were married, the Department of Homeland Security Investigations in Newark, New Jersey, received an anonymous tip enabling the authorities to ultimately arrest Defendant Hunaity. *Id.* ¶¶ 29-30. Defendant Hunaity was indicted by a grand jury and was ultimately convicted of marriage fraud, harboring an illegal alien, and forced labor. *Id.* ¶¶ 31-32. After Defendant Hunaity's trial, Defendant Hunaity served Plaintiff with a divorce complaint, and Plaintiff filed a petition to annul the marriage, which the Superior Court of New Jersey granted in April of 2021. *Id.* ¶ 28. The Court notes that Defendant Qatarneh was not indicted in the criminal case and not involved in the marriage between Defendant Hunaity and Plaintiff. *Id.* ¶ 33.

## III. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed

---

[2] The Court notes that the Background focuses solely on the facts necessary to resolve the instant motion.

3

factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557).

A district court may consider allegations in the complaint; matters of public record, orders, and exhibits attached to the complaint are taken into consideration. *Francis E. Parker Mem'l Home, Inc. v. Georgia-Pac. LLC*, 945 F. Supp. 2d 543, 551 (D.N.J. 2013) (citing *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir.1990)). However, courts may consider documents integral to or explicitly relied upon in the complaint without converting the motion to dismiss to one for summary judgment. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). In this regard, it is critical to consider "whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited." *Schmidt*, 770 F.3d at 249.

4

## IV. DISCUSSION

First and foremost, as a pro se litigant, Defendant Hunaity cannot bring claims on behalf of Defendant Qatarneh: non-attorneys cannot represent other parties in federal court. *See Kennedy v. N.J. Court Sys.*, No. 22-5797, 2023 WL 6389125 at *8 n.11 (D.N.J. Sept. 29, 2023) (a pro se litigant who is not an attorney may not pursue claims on behalf of anyone other than herself). Therefore, to the extent that Defendant Hunaity attempts to apply res judicata and the Entire Controversy Doctrine, ("ECD"), to dismiss claims against Defendant Qatarneh, that aspect of her motion is denied.

As for the arguments in Defendant Hunaity's Motion to Dismiss that pertain to her, the Court must construe her filing liberally. *See Catlett v. N.J. State Police*, No. 12-153, 2013 WL 3949022 at *3 (D.N.J. Jul. 31, 2013); citing *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011) ("Pro se filings, such as Liggon-Redding's, must be liberally construed."). Defendant Hunaity broadly asserts that the preclusion doctrines of res judicata and ECD should prevent Plaintiff from bringing any claims against Defendant Hunaity to federal court because Plaintiff should have brought any and all of her claims against Defendant Hunaity before the state court Family Part when Plaintiff filed for an annulment from Defendant Hunaity. *See* Mot. to Dismiss at 1, ¶ 1. Although, as Plaintiff noted, Defendant Hunaity did not raise her preclusion arguments when she answered the Amended Complaint, the "[c]ourts in this Circuit, [] have taken a more forgiving approach to parties who fail to raise an affirmative defense" and find that such failure "does not always result in waiver," particularly where issues are raised at a "pragmatically sufficient time," and the opposing party was not prejudiced in its ability to respond. *Mitan v. A. Neumann & Assocs., LLC*, No. 8-6154, 2010 WL 4782771 at *3 (D.N.J. Nov. 17, 2010).[3] Given

---

[3] Res judicata is an affirmative defense that may be deemed waived if not asserted. *See McNeil v. Legislative Appointment Comm'n*, 177 N.J. 364, 399 (N.J. 2003). This requirement, however, is not absolute, and can be

5

that Defendant Hunaity raised the issue soon after her answer and Plaintiff had sufficient ability to respond, the Court will proceed with its review of Defendant Hunaity's Motion to Dismiss.

### 1. Res Judicata

Defendant Hunaity asserts that res judicata applies to the claims against her before this Court. Res judicata is a legal doctrine that bars not only claims that were brought in a previous action, but also claims that could have been brought. *See Ouaziz v. Murphy*, No. 23-2696, 2024 WL 397708 at *4 (D.N.J. Feb. 2, 2024). This doctrine is important to prevent inconsistent decisions by multiple courts and to permit parties to be able to rely on the finality of an adjudication. *See Marmon Coal Co. v. Eckman*, 726 F.3d 387, 394 (3d Cir. 2013).

The Third Circuit has held that when a party asserts that a claim is barred by res judicata, "federal courts should apply the general rule that the preclusive effect of a judgment is determined by the preclusion law of the issuing court[.]" *Sutton v. Sutton*, 71 F. Supp. 2d 383, 389 (D.N.J. 1999) (quoting *Paramount Aviation Corp. v. Augusta*, 178 F.3d 132, 135-36 (3d Cir. 1997)). In this matter, Defendant Hunaity asserts that the Annulment Order that Plaintiff obtained from the Family Part is the judgment that should have preclusive effect. *See* Mot. to Dismiss at 1, ¶ 2. In that matter, the issuing court was the New Jersey state court, therefore New Jersey preclusion doctrines apply. *Id.* New Jersey has a three-part test to determine if res judicata applies:

> (1) the judgment in the prior action must be valid, final, and on the merits;
> (2) the parties in the later action must be identical to or in privity with those in the prior action; and
> (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.

---

disregarded for "public policy reasons or in the interest of substantial justice," and can be raised by the Court itself where justice or public policy is at stake. *Id.* The Court does not believe that the circumstances presented in this case warrants such relief, but the Court proceeds with its analysis for the benefit of, and clarity for, the pro se Defendant.

*Watkins v. Resorts Int'l Hotel and Casino, Inc.*, 124 N.J. 398, 412 (1991) (internal citation and quotation omitted). Crucially, Defendant Hunaity is not entitled to the application of res judicata to Plaintiff's claims in this case because it is essential that the party asserting preclusion demonstrates that all three parts of the above test are satisfied for res judicata to apply, and Defendant Hunaity cannot. *See Rapisardi v. N.J. Dep't of Envtl. Prot.*, 273 Fed. App'x 182, 184 (3d Cir. 2008).

The first part of the res judicata test focuses on the state of the prior action: the judgment must be valid, final, and on the merits.[4] Relevant to the instant case, a judgment is considered rendered "on the merits" when a given court addresses the fundamental legal issues and facts of the case. However, a full trial is not necessary for a case to be decided "on the merits." For example, any dismissal with prejudice would be considered an adjudication on the merits "as fully and completely as if the order had been entered after trial." *See Maiden v. N. Brunswick Twp. Sch. Dist.*, No. 19-18768, 2020 WL 3546809 at *4 (D.N.J. Jun. 30, 2020). In contrast, a dismissal without prejudice "expressly preserves a plaintiff's ability to move forward with a second action." *Elmo v. Woodbridge Bd. of Educ.*, No. 20-6703, 2021 WL 5822786 at *3 (D.N.J. Dec. 7, 2021). Importantly, in New Jersey State Court, if a case was dismissed without prejudice, the matter is considered dismissed without getting to the merits of the case. *See* N.J. Court Rules R 4:37-1, (providing for voluntary dismissal of matters without prejudice by agreement of all parties to a case).

---

[4] The validity of a judgment turns on whether there was fraud or collusion that caused the outcome of the underlying case. *Morris v. Jones*, 329 U.S. 545, 550-51 (1947). The finality of a judgment relates to whether the underlying case is ongoing before another court. Here, the parties do not contest the validity or finality of the annulment matter, and there is no indication on the record for the Court to deem the underlying matter invalid or to suggest that the matter was still ongoing in the state court. Therefore, these elements will not be further analyzed in this Opinion.

Here, the Family Part never rendered judgment on the merits of the annulment case because after Defendant Hunaity filed for divorce, both Defendant Hunaity and Plaintiff filed a stipulation of dismissal that stated that the matter would be dismissed <u>without prejudice</u> pending the entry of an Order of Annulment. Opp. at 3; *id.* at Ex. A. The stipulation specifically cites to R. 4:37-1(a), and in New Jersey, a dismissal pursuant to this rule is without prejudice. *See* R. 4:37-1(a). By definition, the entry of the Annulment Order pursuant to that stipulation did not reach the merits.[5] Thus, Defendant Hunaity fails to establish the first requirement for res judicata to apply, therefore the Court will deny Defendant Hunaity's Motion to Dismiss on the basis of the applicability of res judicata.[6]

## 2. Entire Controversy Doctrine, ("ECD")

ECD, while related to res judicata, requires a different analysis. Essentially, ECD "provides that non-joinder of claims or parties required to be joined . . . shall result in the preclusion of the omitted claims to the extent required[.] *Xuehai Li v. Yun Zhang*, No. 22-891, 2023 WL 1822721 at *3 (D.N.J. Feb. 8, 2023). It is the commonality of facts, rather than the parties, legal issues, or remedies, that permits the applicability of ECD. *Id.* It is important to note that ECD can be applied to Family Part matters in New Jersey. *See Lombardo v. Lombardo*, No. 18-17270, 2019

---

[5] Further, the Court notes that there is nothing in the record, in the stipulation, or in the Annulment Order to suggest that the facts and legal issues of the case were addressed by the Family Part.

[6] For the sake of the pro se Defendant, the Court will briefly address the second and third prongs of res judicata test. The second prong requires that parties in the later action must be identical to or in privity with those in the prior action. Defendant Hunaity and Plaintiff were the parties involved in the annulment action; therefore, the second prong is satisfied in favor of res judicata's applicability. The third prong requires the Court to determine whether a case is based on the same overall transaction that was the basis for a prior proceeding, and whether the second matter is essentially similar to the underlying events of the first. *See Gage v. N.J. Dep't of Env't Prot.*, no. 23-21264, 2024 WL 1076675 at *3 (D.N.J. Mar. 12, 2024) (internal citations omitted). The Annulment Complaint briefly described the overall scheme that Plaintiff was subjected to at the hands of Defendant Hunaity to demonstrate she met the statutory basis to receive an annulment. *See* Mot. to Dismiss at Ex. 1. While the facts provided in the Annulment Order were minimal, they were at their core the same facts now supporting Plaintiff's federal claims: in both matters Plaintiff asserts that she was coerced into marriage to Defendant Hunaity as part of Defendant Hunaity's scheme to keep her in the United States and to disguise that Plaintiff was trafficked. Therefore, the third element of res judicata has been met. However, as noted *supra*, for the Court to apply the res judicata doctrine, all three elements are required, and because Defendant Hunaity has not satisfied the first element, res judicata cannot be applied in the instant case to prevent Plaintiff from bringing her claims to federal court.

8

WL 1487259 at*4 (D.N.J. Apr. 3, 2019). However, a party will not be barred from bringing further action if the state court lacked subject matter jurisdiction over the claim. *Id.*

Here, the Court notes that the Family Part lacked jurisdiction to hear Plaintiff's claims pursuant to the Trafficking Victims Protection Reauthorization Act, ("TVPRA"). The TVPRA provides a civil remedy that can only be brought to federal district court for adjudication. *See* 18 U.S.C. § 1595. Therefore, Plaintiff could not have brought her TVPRA claims to the state court Family Part, and consequently, ECD cannot block Plaintiff from bringing her TVPRA claims here to federal court.

Further, in consideration of Plaintiff's other state law and common law claims, ECD would not bar Plaintiff from bringing those claims here in a second action. The Third Circuit has held that, "as a species of res judicata, the entire controversy doctrine is inapplicable prior to the entry of a final judgment." *North v. Portfolio Recovery Assocs., LLC*, No. 20-20190, 2021 WL 4398650 at *7 (D.N.J. Sept. 24, 2021). As discussed above, because the divorce proceeding was dismissed without prejudice and was not resolved on the merits, the judgment is not considered final. Just as res judicata cannot apply to cases where the proceeding does not have a final judgment, and ECD cannot apply here for that reason as well. *Id.* Therefore, the Court must deny Defendant Hunaity's Motion to Dismiss on the basis of the applicability of ECD.

## V. CONCLUSION

For the reasons set forth above, Defendant Hunaity's Motion to Dismiss is **DENIED** in its entirety. An order consistent with this Opinion shall be entered.

June 25, 2025

KAREN M. WILLIAMS, U.S.D.J.

9

Case 1:22-cv-06248-KMW-SAK    Document 158    Filed 06/25/25    Page 10 of 10 PageID: 983